IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-566-K-BN |
| | § | |
| MORRIS RUSSELL COE, JR., also | § | |
| known as MINISTER MORRIS | § | |
| RUSSELL COE-BEY II, GRACE | § | |
| FOUNDATION, INC., CITIZENS | § | |
| NATIONAL BANK OF TEXAS, and | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff United States of America filed suit under 26 U.S.C. §§ 7401 and 7403

to reduce to judgment unpaid 2009 and 2010 federal income tax liabilities owed by

Defendant Morris Russell Coe, Jr. and to enforce the associated federal tax liens

against certain real property belonging to Coe, or in which he has an interest, to

collect his tax liabilities. *See* Dkt. No. 1. Coe, proceeding *pro se*, responded to the

complaint "offer rejected." Dkt. No. 9. United States District Judge Ed Kinkeade then

referred this case to the undersigned United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b). *See* Dkt. No. 10.

In addition to Coe, the United States' complaint names as a defendant Grace

Foundation, Inc. (Grace), alleged to be a

> a defunct shell company owned by Coe, whose corporate charter was
> forfeited by the Texas Secretary of State in 2013. Coe is or was its
> president, chief executive officer, board member, and registered agent.

> Grace Foundation may be served through Coe at 106 Barrows Lane in DeSoto, Texas 75115. Defendant Grace Foundation is being joined as a party because the United States seeks a judgment that it holds real property for Coe as a nominee and, as required by 26 U.S.C. § 7403(b), because it may claim an interest in the subject real property upon which the United States seeks to enforce its liens.

Dkt. No. 1, ¶ 5.

The complaint further names as defendants Citizens National Bank of Texas and Dallas County, to the extent that both may claim an interest in the real property on which the United States seeks to enforce its liens. *See id.*, ¶¶ 6, 7. Both Citizens and Dallas County answered the complaint. *See* Dkt. Nos. 13-17. But Grace did not.

As to Grace then, the United States moved for entry of default and default judgment on April 30, 2021. *See* Dkt. Nos. 23, 24. The Clerk of the Court entered default on May 4, 2021. *See* Dkt. No. 25. And, since then, Grace has not made a filing in this case.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion for default judgment.

## Applicable Background

As background, the United States alleges that Coe

> has failed to file federal income (Form 1040) tax returns with the Internal Revenue Service since 2011, and is a tax defier. As a real estate investor, he owns and earns income from several dozen single family homes, apartment complexes, and commercial buildings. He earns approximately $30,000 per month, while not paying income taxes thereon or filing tax returns therefor to report this income to the Internal Revenue Service. He has created at least a dozen sham entities in an attempt to conceal his assets, and he pays his employees in cash. Coe is currently under a five-year injunction issued by a United States Bankruptcy Judge of the Northern District of Texas, which precludes him from filing another bankruptcy, entered in his third bankruptcy, in *In re Morris Coe, Jr.*; Case No. 19-32986-HDH, U.S. Bankruptcy Court,

Northern District of Texas, on December 12, 2019.

Dkt. No. 1, ¶ 8.

Specific to Grace, the United States further alleges that

[t]he real property at 106 Barrows Lane, also known as 106 Barrows Place, in DeSoto, Texas, upon which the United States seeks to enforce its liens, is titled to Grace Foundation, Inc., a defunct shell company owned by Coe, whose corporate charter was forfeited by the Texas Secretary of State in 2013. Coe is or was its president, chief executive officer, board member, and registered agent. The legal description of this property is as follows:

> A portion of Lot 1, HAVEN EDWARDS ADDITION, an Addition to the City of DeSoto, Dallas County, Texas, according to the plat thereof recorded in Volume 73223, Page 529, Map Records, Dallas County, Texas.

In or about 2003, Coe purchased this property in the name of Coe Investments, LLC, another defunct shell company of his, subsequently known as COP Investments, LLC, another defunct shell company owned by Coe. In or about 2009, Coe transferred title to this property to Grace Foundation, Inc. In or about 2016, Coe transferred title to this property to Trust Number 106 Barrows Lane, in care of Conshetta Clayton, Trustee. In or about 2019, Coe transferred title to this property to Grace Foundation, Inc. Coe currently pays the mortgage on this property to Citizens National Bank, on a promissory note signed by him for COP Investments, LLC, another of his defunct companies. Coe controls and is the true owner of this property. Since Coe became indebted to the Internal Revenue Service, he has had a lengthy history of transferring title to his real properties to shell companies and bogus trusts he controls.

*Id.*, ¶ 9.

As to Coe's federal tax liability, the United States alleges that, "[a]s of September 10, 2020, the income tax amounts owed by Coe to the United States … for tax years 2009 and 2010 were $154,261.64 and $158,268.27, respectively, for a total of $312,529.91." *Id.*, ¶ 11 (emphasis omitted).

Coe has not filed a federal income (Form 1040) tax return with

the IRS since April 15, 2011, when he filed his 2010 income tax return. He timely filed his 2009 and 2010 income returns, but claimed credits to which he was not entitled. As a result, the IRS audited his 2009 and 2010 income tax returns, but Coe chose not to respond to the audit, which began December 9, 2010 and ended September 23, 2013, when the assessments were made. During the audit, Coe failed to provide information to the IRS regarding the claimed credits.

A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities described above to Morris Coe. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the income tax liabilities described above had a $312,529.91 unpaid balance due of as of September 10, 2020. Coe responded to IRS notices by sending frivolous correspondence, making tax protest arguments, and falsely claiming to be tax-exempt "Minister Morris Russell Coe-Bey II." Despite notice and demand for payment, Coe failed, neglected, or refused to pay the income tax liabilities described above.

*Id.*, ¶¶ 12, 13 (cleaned up).

Against this background, the United States brings one claim against Grace, seeking a judgment that Grace "holds title to real property as a nominee of Coe." *Id.* at 6 (initial caps omitted); *see also id.*, ¶¶ 15-17.

## Legal Standards

When a defendant has "failed to plead or otherwise defend" an action, the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments"). But, before the Court may do so, the plaintiff "must make a *prima facie* showing of jurisdiction." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults"). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*

Even though the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). In consideration of these competing preferences, the Court takes a two-part approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a "sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

First, the Court considers the following six non-exhaustive factors to decide whether default judgment is appropriate: (1) "whether the default was caused by a good faith mistake or excusable neglect"; (2) "whether there has been substantial prejudice"; (3) "the harshness of a default judgment"[1]; (4) whether there are "material

---

[1] *See, e.g., Moyer v. Mathas*, 458 F.2d 431, 434-35 (5th Cir. 1972) (Goldberg,

issues of fact"; (5) "whether the grounds for a default judgment are clearly established"; and (6) whether the Court would be "obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. Default judgment is appropriate when a defendant fails to answer or otherwise respond to the pleadings or court orders. *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding a default judgment due to a defendant's "delay and failure to comply with court rules").

Second, the Court must assess the merits of the plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered.*" Nishimatsu*, 515 F.2d at 1206. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). This requirement "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. The factual allegations, assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant-unlawfully-

---

J.) ("While tax results often seem harsh, the schematics of our income tax law and the attendant regulations require as much finality as is consonant with fairness and justice. The magnitude of our tax exactions, the multifariousness of the structure's configurations, and its almost universal impact demand rigidity, lest the system breed litigation with concomitant, incessant, and ceaseless babble.").

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A default judgment … establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation." *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Thus, affidavits submitted to support a claim for mathematically calculable damages "must be sufficiently detailed to establish necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### Analysis

Grace has not made a filing in this case or otherwise appeared to defend itself. And Grace, as a fictional legal person, may only appear in this case through licensed counsel.

While "[a] litigant in federal court has a right to act as his or her own counsel," *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (citing 28 U.S.C. § 1654; citations omitted), "lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel," *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (citations omitted);

*accord Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *see also Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))).

So, as to the many frivolous filings that Coe, a non-lawyer, has submitted in this case *pro se*, none may be interpreted as made on behalf of Grace.

Turning to Grace's default, the undersigned first finds that the United States has made a *prima facie* showing of jurisdiction. *See* Dkt. No. 1, ¶ 1 (citing 26 U.S.C. §§ 7402(a), 7403; 28 U.S.C. §§ 1331, 1340, 1345). The United States has also established that Grace was served with the summons and complaint. *See* Dkt. Nos. 8, 24-1. The Clerk entered default as to Grace. *See* Dkt. No. 25. And Grace, as a fictional legal person, is neither "a minor or incompetent person" nor in the military.

Default judgment against Grace is also appropriate applying the relevant factors to the record here. *See Lindsey*, 161 F.3d at 893; *McGrady*, 434 F.2d at 1001; *cf. United States v. Durfey*, No. 3:17-cv-3242-S-BH, 2018 WL 3039292, at *3 (N.D. Tex. May 21, 2018) (in a similar action in which the United States sought default judgment after a taxpayer's failure to respond to the complaint, finding that "there is a public interest in collecting outstanding federal income tax liability"; that "the United States is prejudiced and harmed by [a taxpayer's] continued delay and refusal to pay tax liability from [multiple] years ago"; that "a default judgment is not unusually harsh under these facts as Defendant has received ample notice of his tax

- 8 -

liability and time to respond in this action"; and that other "factors similarly favor default judgment because Defendant has not offered any evidence that his failure to answer was the product of a good faith mistake or excuse, the United States has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default" (citations omitted)), *rec. accepted*, 2018 WL 3038512 (N.D. Tex. June 19, 2018).

And the United States' request for default judgment against Grace matches the relief requested against Grace in the complaint. *Compare* Dkt. No. 24 at 2 ("Plaintiff United States of America seeks a default judgment against Defendant Grace Foundation, Inc. on the United States' Complaint, extinguishing its interest, if any, in the subject real property of which Morris Russell Coe, Jr. is the true owner, and further requests such other relief as the Court deems proper."), *with* Dkt. No. 3, ¶ 17 ("[T]he United States is entitled to a judgment that Grace Foundation holds title to the subject real property as the nominee of Coe, and that Coe is the true oner of the property."); *id.* at 8 (same). *See Durfey*, 2018 WL 3039292, at *3 ("'A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.' FED. R. CIV. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975).").

"Because the requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings, the only remaining issue is whether the relief requested is appropriate based on the governing law." *Durfey*, 2018 WL 3039292, at

*3 (citation omitted).

It is. And the complaint alleges a sufficient basis for the relief requested.

"A nominee theory involves the determination of the true beneficial ownership of property." *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000). Stated differently, "[a] 'nominee' holds legal title to property that really belongs to another who exercises control over and realizes the benefit of it." *Battle v. United States*, No. 9:06-CV-109, 2007 WL 1424553 at *5 (E.D. Tex. Feb. 7, 2007).

A federal tax lien reaches not only the "property and rights to property" of the taxpayer, but also any property held by a third party as the nominee or alter ego of the taxpayer. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977); *United States v. Williams*, No. 6:06-CV-524, 2008 WL 5572655 at *10 (E.D. Tex. Oct. 31, 2008), *rec. adopted*, 2008 WL 5424090 (E.D. Tex. Dec. 30, 2008); *United States v. Dolenz*, No. 3-09-CV-1311-O-BD, 2011 WL 4351558, at *1 (N.D. Tex. June 16, 2011), *report and recommendation adopted*, No. 3:09-CV-1311-O, 2011 WL 4348295 (N.D. Tex. Sept. 15, 2011).

Pursuant to 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Under 26 U.S.C. §§ 6321 and 7403(a), the government may place liens on property held by an entity as the nominee of a taxpayer. *United States v. Harrison*, 366 B.R. 656, 668 (S.D. Tex. 2007), *aff'd*, 273 F. App'x 315 (5th Cir. 2008). A taxpayer may be the equitable owner of land even if the land is conveyed to another. *Id.* A "nominee" holds legal title to property that really belongs to another who exercises control over and realizes the benefit of it. *Oxford Capital Corp.*, 211 F.3d 280, 284 (5th Cir. 2000).

*United States v. Trowbridge*, No. 9:14-CV-138, 2016 WL 836486, at *2-*3 (E.D. Tex.

Jan. 22, 2016), *rec. adopted*, 2016 WL 829684 (E.D. Tex. Mar. 3, 2016).

For these reasons, the motion for default judgment should be granted.

## Recommendation

The Court should grant the United States' motion for default judgment [Dkt.

No. 24] and enter a judgment against Defendant Grace Foundation, Inc. on the

United States' Complaint, extinguishing its interest, if any, in the subject real property – 106 Barrows Lane, also known as 106 Barrows Place, in DeSoto, Texas – of which Defendant Morris Russell Coe, Jr. is the true owner.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 7, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE