IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00566-K-BT |
| | § | |
| MORRIS RUSSELL COE, JR., et al. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On October 2, 2025, the undersigned magistrate judge held a hearing on the government's motion (ECF No. 80) to find Defendant Morris Russell Coe, Jr., in contempt for failing to comply with a court order requiring him to respond to post-judgment discovery. In view of the record, including all the arguments and evidence adduced at the October 2 hearing, and the applicable law, the undersigned certifies facts possibly constituting civil contempt by Coe and **RECOMMENDS** the District Judge require Coe to appear and show cause why he should not be held in civil contempt.

## Background

The government brought this lawsuit against Coe to reduce to judgment Coe's federal income taxes for 2009 and 2010 and to foreclose federal tax liens against certain real property in Dallas County (the "Property") that Coe owned through his nominee, Grace Foundation, Inc. *See* Pl. Compl. (ECF No. 1). On November 17, 2022, the Court entered a final judgment (ECF No. 60) ordering that

Coe is indebted to the government in the amount of $274,633.97, plus interest. The Court also adjudged and decreed that Coe was the true owner of the Property and that the government's tax lien attached to the Property; extinguished Grace Foundation's interest in the Property; foreclosed the government's tax lien; and ordered the Property sold to pay Coe's tax debt. *See* Final J. (ECF No. 60).

On September 17, 2024, counsel for the government served post-judgment discovery requests on Coe, including interrogatories and requests for production of documents ("RFP") related to Coe's assets. *See* Mot. Compel at 2 (ECF No. 74); *id.* at Ex. 1 (ECF No. 74-1). The next month, Coe served the government with purported responses to those requests. *See id.* at Ex. 2 (ECF No. 74-2). But Coe did not serve a written response to the RFP, wholly failed to produce documents responsive to those requests, and failed to fully answer the interrogatories. *See* Discovery Order, Mar. 5, 2025 (ECF No. 78). As a result, the government moved to compel Coe to respond to the discovery. *See* Mot. Compel (ECF No. 74).

On March 5, 2025, the undersigned granted the government's Motion to Compel and issued an Order (the "Discovery Order") finding that Coe had failed to respond to the government's post-judgment discovery and had waived all objections thereto. *See* Discovery Order, Mar. 5, 2025 at 3 (ECF No. 78). The Discovery Order required Coe to: (1) serve the government's counsel with written responses to her post-judgment discovery requests; and (2) produce all responsive documents by no later than March 20, 2025. *See id.* at 3 (ECF No. 78).

On April 8, 2025, the government filed its motion seeking an order requiring Coe to show cause why he should not be held in civil contempt, alleging that Coe failed to comply with the Discovery Order. *See* Mot. Show Cause (ECF No. 80).

The undersigned ordered Coe to appear at 1:00 p.m. on October 2, 2025, and show cause why he should not be held in civil contempt. *See* Order Show Cause (ECF No. 82). The undersigned presided over the hearing as noticed on October 2, 2025. Coe appeared in person at the hearing and represented himself; counsel for the government appeared as well. The government called Coe as a witness and submitted 44 exhibits of documentary evidence in support of its Motion. Coe did not offer any documentary evidence. Both parties presented argument.

The following facts were established by clear and convincing evidence:

(i.)    Coe did not serve written responses to the government's RFP.

(ii.)    Coe failed to produce any documents responsive to the government's RFP Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20.

(iii.)    Coe failed to fully respond to the government's RFP No. 3, which sought documents related to financial institutions. Although Coe produced some responsive documents, the documents produced did not fully cover the requested time period and did not include documents from at least one other financial institution, Citizens Bank, which Coe admitted would be responsive.

(iv.)    Coe failed to produce the requested documents or respond to the government's interrogatories before March 20, 2025, as required by the Discovery Order.

3

(v.)    Coe did not answer Interrogatory Nos. 7(a), 10, and 17; he wrote nothing in response to those requests.

(vi.)    Coe did not properly respond to Interrogatory Nos. 1, 2, 3, 7(b), 8, and 9. The Discovery Order instructed Coe that he could not answer interrogatories with questions of his own and that by doing so in his first response, he had waived all objections to the requests. *See* Discovery Order, Mar. 5, 2025 (ECF No. 78). Nevertheless, Coe again responded to the above interrogatories by re-urging the questions he posed in the first response— writing some variation of "Please answer first response" and "see attachments for information." *See* Mot. Show Cause at Ex. 1 (ECF No. 80-2). At the hearing, Coe admitted that he did not respond to these interrogatories because his previous questions were not answered. Coe did not produce any documents or provide any other information that could be construed as a response to these interrogatories.

(vii.)   Coe did not properly respond to Interrogatory No. 11. Although Coe stated, "[d]ocuments are attached concerning these matters," Coe produced no documents that could be construed as a response to that request. *See* Mot. Show Cause at Ex. 1 (ECF No. 80-2). And even so, interrogatory responses that make general and vague references to other documents are improper, insufficient, and unresponsive. *See Jacquez v. Compass Bank*, 2015 WL 11529918 at *1 (W.D. Tex. 2015) (explaining that

"see documents produced" is generally not an appropriate response to an interrogatory).

(viii.) Coe did not properly respond to Interrogatory Nos. 4, 5, 12, 14, and 16. Coe's responses to these requests were either unfinished or unclear. His responses lacked the requisite candor required by Fifth Circuit precedent. *See Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977) ("[D]iscovery by interrogatory requires candor in responding . . .. The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive.")

(ix.)   Coe had no basis to avoid providing the information requested by the post-judgment discovery because he had waived all objections thereto. *See* Discovery Order, Mar. 5, 2025, at 2–3 (ECF No. 78).

(x.)   Coe presented no evidence tending to show a present inability to comply with the Discovery Order. In fact, with respect to at least one RFP, Coe's testimony indicated that responsive documents were in his custody and currently at his home.

Additionally, on October 2, 2025, the government requested that the undersigned order Coe to sit for his deposition at the conclusion of the hearing. Coe objected, stating that he would like the presence of an attorney to defend him and that he needed time to secure counsel to represent him. Although Coe had represented himself *pro se* throughout the entirety of this case, the undersigned

did not order him to sit for his deposition without an attorney present. The government's attorney then personally served Coe, in open court, with a notice of deposition for November 4, 2025.

## Legal Standard

A party that violates a post-judgment discovery order may be held in contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii). A district court may exercise its civil contempt power "to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (citation omitted).

But in circumstances such as are presented here, a magistrate judge's authority with respect to civil contempt sanctions is limited. *See* 28 U.S.C. § 636(e)(6). When an act outside the presence of the magistrate judge constitutes civil contempt, the relevant statute allows a magistrate judge to "certify to the district court (or deny certification of) facts possibly constituting contempt." *See* 28 U.S.C. § 636(e)(6); *see also Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). The magistrate judge may also serve "upon any person whose behavior is brought into question under [28 U.S.C. §636(e)] an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. §636(e).

To show that civil contempt is warranted, a moving party must establish that: (1) a court order was in effect; (2) the order required specified conduct by the

respondent; and (3) the respondent failed to comply with the order. *See United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000)). These elements make up a movant's *prima facie* case. *See Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987).

The standard of proof for civil contempt is "clear and convincing evidence," which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *See Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995

Where a case has been referred to a magistrate judge, and the judge certifies facts to the district judge that indicate a party's conduct warrants a finding of contempt, the magistrate judge's certified facts can be considered the statement of the *prima facie* case for civil contempt. *See Denton v. Sutter*, 2016 WL 6581288, at *2 (N.D. Tex. 2016) (Godbey, J.); *See also Tr. of Local Plumbers & Pipefitters Local Union No. 286 Health & Welfare Fund v. Hobson*, 2018 WL 3656507, at *4 (E.D. Tex. Aug. 2, 2018) (Mazzant, J.). A magistrate judge may also, pursuant to 28 U.S.C. §636(b) and (e)(6)(B)(iii), issue findings and a recommendation on a motion for civil contempt. *See F.D.I.C. v. LeGrand*, 43 F.3d 163,167–68 (5th Cir. 1995).

Once a movant establishes a *prima facie* case of civil contempt, a respondent may defend against it by demonstrating a present inability to comply. *Petroleos Mexicanos*, 826 F.2d at 401. The respondent has the burden of proving this defense

7

and must demonstrate that compliance with the order at issue is now factually impossible. *United States v. Rylander*, 460 U.S. 752, 757 (1983). If a respondent cannot meet this burden, the court may hold him in civil contempt and issue an appropriate sanction. *See id*. Finally, intent to violate a court's order is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987).

### Certification of Facts

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned magistrate judge certifies the facts summarized on pages 3–6 above to the district judge.

### Analysis

Based on the record in this case, the district judge should find and conclude that the government has shown by clear and convincing evidence that the Discovery Order was in effect and that it required specific conduct from Coe. *See* Discovery Order, Mar. 5, 2025 (ECF No. 78). Namely, the Discovery Order required Coe to: (1) serve written responses to the government's Post-Judgment Interrogatories and Requests for Production of Documents; and (2) produce all responsive documents requested therein by no later than March 20, 2025. *See id.* at 3. The government has also shown by clear and convincing evidence that Coe failed to comply with the Discovery Order by the March 20, 2025 deadline, and has not complied since. Thus, the above facts establish a *prima facie* case of civil contempt. *See, e.g., Crawford Enters.*, 826 F.2d at 401; *see also Denton*, 2016 WL

6581288, at *2 (Godbey, J.) (the district court may treat the magistrate judge's certified facts as the statement of the *prima facie* case of contempt); *Hobson*, 2018 WL 3656507, at *4 (Mazzant, J.).

Coe submitted no evidence rebutting the above or tending to show an inability to comply with the Discovery Order. *See Petroleos Mexicanos*, 826 F.2d at 401. Instead, Coe submitted two filings, (ECF Nos. 89, 92), arguing he should not be held in contempt because (1) he substantially complied with the Discovery Order by answering the government's discovery requests; (2) his retention of counsel is evidence of his "good faith" attempts to resolve the judgment; and (3) the Court should consider his *pro se* status in fashioning a sanction. *See* Resp. Order Show Cause (ECF No. 89); Reply Order Show Cause (ECF No. 92). None of these arguments are persuasive.

First, as discussed, Coe has almost entirely failed to comply with the Discovery Order. Second, his "retention of counsel" is irrelevant to the civil contempt proceeding—the only question before the Court is whether he failed to comply with the Discovery Order. See *Whitfield*, 832 F.2d at 914. Finally, Coe's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Additionally, the District Judge may consider whether Coe appears and cooperates during his deposition (currently noticed for November 4, 2025) in determining whether to sanction him for contempt. Coe represented to the

undersigned that he would appear and cooperate at his deposition as noticed. Coe stated that he simply "needed time" to secure an attorney to represent him at that deposition. If Coe fails to appear and cooperate, though, that would be additional contumacy, and further evidence of his evasiveness and disregard for this Court's authority.

### Recommendation

Accordingly, for the reasons stated, the undersigned **RECOMMENDS** the District Judge **GRANT** the government's Motion for Show Cause Order (ECF No. 80) and order Coe to appear on a date certain to show cause why he should not be adjudged in civil contempt by reason of the foregoing certified facts. Additionally, the undersigned **RECOMMENDS** that—if Coe fails to appear for his deposition or otherwise comply with the deposition notice—the District Judge find him in contempt, issue a warrant for his arrest, and order him incarcerated until he purges himself of his contempt.

**SO RECOMMENDED**.

October 31, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

10

## <u>INSTRUCTIONS FOR SERVICE AND</u><br><u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).